PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

MARISSA HARRIS (NYBN 4763025)
Assistant United States Attorney

    60 South Market Street, Suite 1200
    San Jose, California 95113
    Telephone: (408) 535-5061
    FAX: (408) 535-5066
    marissa.harris@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 19-CR-00664 EJD |
|     Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
|     v. | |
| MELISSA MORALES, | Judge: Hon. Edward J. Davila |
|     Defendant. | Date: May 6, 2025<br>Time: 2:00 p.m. |

    Plaintiff United States of America, by and through its undersigned counsel, hereby submits its position regarding the sentencing of the defendant, Melissa Morales. The government's position is based on its investigation, the Presentence Report (PSR), the files and records of this case, and any arguments or testimony to be presented at the sentencing hearing. For the reasons detailed below, the government recommends a total sentence of custody time served, three years of supervised release, a forfeiture money judgment, and the mandatory special assessment fee, which is sufficient, but not greater than necessary, to meet the goals of sentencing expressed in 18 U.S.C. § 3553(a). The government also requests that the Court set a restitution hearing 90 days from the sentencing hearing to determine the issue of restitution. *See* 18 U.S.C. § 3664(a)(5).

## I. OFFENSE CONDUCT AND PROCEDURAL HISTORY

On February 15, 2019, the Treasury Inspector General for Tax Administration (TIGTA) "Treasury Check Initiative" discovered that Morales fraudulently endorsed and deposited an Internal Revenue Service (IRS) tax refund check in the amount of $3,351.88.

The Treasury Check Information System (TCIS) verified that the United States treasury check that Morales endorsed and deposited was a legitimate IRS refund check originally issued on December 26, 2018, in the amount of $3,351.88 to "Ilikai Homes Inc % [J.M.]." On January 1, 2019, the check was deposited into Morales' Wells Fargo Bank (WFB) account and the endorsement included the statement "Pay to the order of Melissa Morales." WFB later provided images of the treasury check Morales deposited into her account as well as ATM surveillance photos of Morales depositing the treasury check.

On February 25, 2019, TIGTA Special Agents interviewed J.M., owner of Ilikai Homes, Inc. J.M. confirmed that she did not know Morales and did not give consent for the treasury check to be signed and cashed. J.M. stated that the signature on the back of the check is not her signature. J.M. provided examples of her true signature which do not match the signature on the cashed treasury check.

On January 2, 2019, another stolen check was deposited to Morales' WFB account. That check was in the amount of $7,338.75 drawn against the WFB account of "International Facility Management Association." The check was made payable to "Uproar Brewing Company." The signature endorsement was "Melissa Morales."

On March 22, 2019, a TIGTA Special Agent interviewed S.V., owner of Uproar Brewing Company. S.V. confirmed that he never received the check written by International Facility Management Association to pay Uproar Brewing Company. S.V. said that normally he would be the person to sign and negotiate checks issued to Uproar Brewing Company. S.V. did not recognize the name Melissa Morales and did not give her permission to negotiate the check.

The two stolen and fraudulently negotiated checks totaled $10,690.63. WFB is FDIC insured with certificate number 3511.

Morales was indicted on December 5, 2019 with one count of Bank Fraud and Aiding and Abetting, in violation of 18 U.S.C. §§ 1344(2) and 2, and one count of Forging Endorsements

Treasury Checks, in violation of 18 U.S.C. § 510. On December 19, 2023, Morales pleaded guilty to Count One pursuant to a plea agreement. ECF 59. She is scheduled to be sentenced on May 6, 2025 by the Honorable Edward J. Davila.

## II.    SENTENCING GUIDELINES CALCULATIONS

As reflected in the PSR, Morales has a total offense level of 7. *See* PSR ¶¶ 19-27. The government agrees with U.S. Probation that Morales falls into Criminal History Category VI. *Id.* at ¶ 42. The applicable guidelines range is 15-21 months. *Id.* at ¶ 74.

## III.   SENTENCING RECOMMENDATION

The government believes that a sentence of custody time served along with three years of supervised release, a forfeiture money judgment in the amount of $4,000, and a $100 special assessment fee meets the goals of sentencing expressed in 18 U.S.C. § 3553(a). Among the many factors to consider are the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, provide adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. *See* 18 U.S.C. §§ 3553(a)(1)-(2). The government's recommended sentence serves each of these goals.

Morales has an extensive criminal history with numerous convictions for theft and fraud offenses, including 13 felonies and 11 misdemeanors, with multiple jail terms imposed. *See* PSR ¶¶ 30-39. She was on state probation at the time she committed the offenses charged in the federal indictment. *Id.* at 41. Thus, deterrence of further criminal conduct and protection of the public are paramount concerns for the government.

However, Morales has accepted responsibility for her conduct and has demonstrated her strong commitment to rehabilitation and personal transformation. After her guilty plea in December 2023, Morales was referred to the Convictions Alternative Program (CAP) in San Jose. According to Pretrial Services, Morales thrived in CAP and made remarkable progress in dealing with the substance abuse issues at the root of her criminal conduct. ECF 64. She attended her sessions regularly, was an active and engaged participant, and had very few compliance issues. *See id.* She is now gainfully employed in a managerial position, attending college courses, and maintaining her sobriety. *See id.*

Accordingly, in recognition of her successful rehabilitation efforts, the government joins in U.S. Probation's recommendation that the Court vary downward and sentence Morales to custody time served, three years of supervised release, and a $100 special assessment fee. The government has reviewed the proposed supervised release conditions and agrees that they are appropriate to promote the defendant's continued compliance and ongoing rehabilitation.

The government also joins Probation's recommendation that the Court impose a forfeiture money judgment in the amount of $4,000. *See* PSR Sentencing Recommendation at 5. In her plea agreement, Morales agreed to "surrender assets I obtained as a result of my crimes, and to release funds or property under my control to pay any fine, forfeiture or restitution." ECF 59 at ¶ 9. Morales successfully withdrew $4,000 in stolen funds she deposited in her WFB account in January 2019. *See* USA-000009. WFB later reversed the transactions, covering the $4,000 loss for the defrauded victims. *Id*. at USA-000010. According to defense counsel, in 2024, WFB forgave Morales' $4,000 debt to the bank. However, the law requires that the Court order forfeiture of any criminal proceeds traceable to a defendant's frauds. *See* 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2), 28 U.S.C. § 2461(c). The government agrees that $4,000 should be forfeited to the United States regardless of WFB's forgiveness of the debt. Morales should not receive a financial windfall from her criminal conduct.

The amount of restitution owed to the remaining victims is a harder question. The government has learned that victim S.V. is deceased. The government has been unable to contact his heirs to see whether S.V. or Uproar Brewing Company ever received a replacement check from the International Facility Management Association or was otherwise able to recoup the $7,338.75 owed to them. Similarly, the government has been unable to contact victim J.M. or a representative from Ilikai Homes Inc. to determine whether they were ever able to recoup the $3,351.88 in funds from the stolen treasury check. The case agent did not find evidence that the Treasury Department ever reissued the treasury check to J.M. or Ilikai Homes Inc. Accordingly, since the victims may have valid restitution claims that require further investigation, the government requests that the Court set a restitution hearing 90 days from the sentencing hearing to determine the appropriate amount. *See* 18 U.S.C. § 3664(a)(5).

///

///

## IV. CONCLUSION

The government joins in Probation's recommendation that the Court vary downward and impose a time-served sentence, three years of supervised release, a $4,000 forfeiture money judgment, a special assessment of $100, and the supervised release conditions proposed in the PSR. The government requests that the Court set a further hearing to determine the issue of restitution.

The government commends Morales on her successful completion of CAP and wishes her continued success in her future rehabilitation and sobriety efforts.

DATED: April 29, 2025

Respectfully submitted,

PATRICK D. ROBBINS
Acting United States Attorney

/s/
MARISSA HARRIS
Assistant United States Attorney